THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVANS DELIVERY COMPANY, INC., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | 3:26-CV-765 |
| | : | (JUDGE MARIANI) |
| WIZ LOGTEC SOLUTIONS, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### I. Introduction and Procedural History

Presently before the Court is Plaintiff Evans Delivery Company, Inc.'s (hereinafter "Evans") "Motion for Default Judgment Pursuant to FRCP 55(b)(2)" (Doc. 8). For the reasons discussed below, the Court will grant Plaintiff's motion.

On March 25, 2026, Plaintiff filed a Complaint against Defendant Wiz Logtec Solutions, Inc. (hereinafter "Wiz Logtec"), alleging Failure to Pay Motor Carrier Freight Charges (Count I), Breach of Contract (in the alternative) (Count II), Unjust Enrichment (in the alternative) (Count III), and Promissory Estoppel (in the alternative) (Count IV). (Doc. 1).

On April 1, 2026, Plaintiff filed a Proof of Service of Summons which established that Defendant's responsive pleading was due within 21 days from March 31, 2026, *i.e.* on or before April 21, 2026. (*See* Doc. 5). As of the date of this Order, AMG has not filed an

Answer or other responsive pleading and no counsel has entered an appearance on Defendant's behalf.

On May 14, 2026, Plaintiff filed a Motion for Entry of Default (Doc. 6) and the Clerk of Court entered default against AMG on May 19, 2026 (Doc. 7). The Clerk of Court having entered default, on August 20, 2026, Plaintiff filed a "Motion for Default Judgment Pursuant to FRCP 55(b)(2)" (Doc. 8), supporting Declaration (Doc. 8-5), and supporting exhibits (Docs. 8-2, 8-3, 8-4, and 8-6). At the Court's request, Plaintiff further filed an updated calculation of interest through October 30, 2026, and a brief in support of the Motion for Default Judgment. (*See* Doc. 11).

## II. Standard of Review

Pursuant to the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default". Fed. R. Civ. P. 55(a). Upon the party's request, the clerk of court may then enter default judgment, but only if the claim is for a sum certain or one that can be made certain by computation, the defendant has made no appearance, and the defendant is not a minor or incompetent. *Id.* at 55(b)(1). In all other cases, the party seeking a default judgment must make an application to the court. *Id.* at 55(b)(2).

Although the entry of default judgment is "left primarily to the discretion of the district court", the discretion is not limitless given that cases should "be disposed of on the merits

whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–1181 (3d Cir. 1984). "Where a court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n. 6 (quoting *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990)).

In determining whether to grant a motion for default judgment, a Court must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

## III. ANALYSIS

### A. The Entry of Default Judgment

Here, Plaintiff Evans has satisfied all of the requirements necessary to obtain a default judgment against Defendant. In light of the lack of any response or action on the part of Defendant Wiz Logtec, the Court must accept the following key factual allegations as true, *see DIRECTV*, 431 F.3d at 165 n. 6:

> Evans is a corporation incorporated under the laws of the Commonwealth of Pennsylvania with its principal place of business in Schuylkill Haven, Pennsylvania.
>
> Wiz Logtec is a corporation incorporated under the laws of the State of Delaware. Wiz Logtec's principal place of business is in Charlotte, North Carolina.
>
> Evans seeks to collect freight charges due to it for the interstate motor carrier transportation services it provided for Wiz Logtec.

Evans is a federally licensed interstate motor carrier. Wiz Logtec is in the business of providing transportation services.

On or around April 6, 2023, Wiz Logtec engaged Evans by submitting a credit application ("Credit Application") to Evans.
The Credit Application provides, among other terms, that Wiz Logtec:

a. will make payments to Evans in accordance with the terms of Evans' invoices, without delay or withholding;
b. will be responsible for all collection fees and costs, including but not limited to attorneys' fees and court costs, incurred in a collection action against Wiz Logtec plus 1.5 percent monthly interest;
c. agrees to be subject to personal jurisdiction in Pennsylvania regarding the Credit Application and any claim relating thereto or to payments thereunder;
d. agrees to the terms and conditions contained in the applicable Rules Tariffs available online.

Between August of 2025 and January of 2026, Evans provided transportation services to and from various locations on behalf of Wiz Logtec.

In exchange for Evans providing transportation services including securing necessary equipment and incurring related costs, Wiz Logtec agreed to pay Evans for the services Evans rendered and the costs Evans incurred.

Upon Wiz Logtec's request, Evans would travel to the facility where the shipment was located, pick up the shipment and transport it to its destination.

After completing delivery, Evans would invoice Wiz Logtec for the services it rendered and the costs it incurred.

Apart from one payment of $20,000 in early August of 2025, Wiz Logtec made no further payments to Evans.

Despite its demand for payment, Evans has not been paid for the services it rendered to Wiz Logtec or the costs it incurred in rendering those services.

The total balance of unpaid invoices owed by Wiz Logtec to Evans is not less than $561,173.75, exclusive of interest, legal fees, and costs.

(Doc. 1, ¶¶ 1, 2, 6–17).

In considering the factors necessary to decide whether default judgment is appropriate, the Court first notes that the record demonstrates that a representative of Defendant received the Summons as verified by the process server's Proof of Service on March 31, 2026. (Doc. 5). Since that time, no counsel has entered an appearance on behalf of Defendant and Defendant has not filed any documents of record or otherwise taken any action to defend this action on the record. The Clerk of Court thus entered default against the defendant on May 19, 2026. (Doc. 7).

With respect to the prejudice to Plaintiff Evans if default is denied, this factor weighs in favor of the plaintiff. Absent the default judgment, Evans will be faced with an indefinite, and possibly permanent, delay in the adjudication of its claims and is left with no alternative means to vindicate the claims against Wiz Logtec, the defaulting party, including obtaining the monetary damages it alleges it is owed.

As to whether the defendant appears to have a litigable defense, this factor also weighs in favor of Evans. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (citing *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951); *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir. 1982)). In the present action, the defendant has not filed an answer or performed any other action to defend the case or set forth a meritorious defense. In the

absence of any response by Defendant, the Court is unable to determine the viability of one or more possible defenses which may constitute a complete defense in this action. *See e.g., Joe Hand Promotions, Inc. v. Yakubets*, 3 F.Supp.3d 261, 271-272 (E.D. Pa. 2014) ("[O]utside of the court's obligation to decide whether it has jurisdiction and whether the complaint states a claim, the court may presume that an absent defendant who has failed to answer has no meritorious defense, *e.g., Doe v. Simone,* 2013 WL 3772532, at *5 (D.N.J. July 17, 2013), because '[i]t is not the court's responsibility to research the law and construct the parties' arguments for them'") (quoting *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008)).[1]

The third factor, whether the defendant's delay is due to culpable conduct, also weighs in favor of Plaintiff. "In this context culpable conduct means action taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983). The defaulting defendant, Wiz Logtec, has been on notice of this legal action since, at the latest, March 31, 2026, when it was served the Summons. (*See* Doc. 5). Thus, the defendant has failed to respond or take any other formal action to defend this lawsuit for approximately seven months. Although the Court is reluctant to attribute bad faith to Defendant Wiz Logtec, at minimum, Defendant's lack of action amounts to deliberate and willful conduct.

---

[1] Upon review of the Complaint (Doc. 1), the Court is satisfied that it has diversity jurisdiction in the present case and that Plaintiff has stated a claim for relief.

Therefore, default judgment will be entered against Wiz Logtec Solutions, Inc..

**B. Damages**

Pursuant to the Federal Rules of Civil Procedure, a Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 50(b)(2).

Here, Plaintiff's Complaint requests judgment in an amount "exceed[ing] $561,173.75," due to accrued interest (Doc. 1 at ¶¶ 20–21). Plaintiff's Motion for Default Judgment requests judgment in the amount of $ 653,728.23. (Doc. 8; *see also* Doc. 11 at 10–11 (providing updated calculation of interest)). As detailed in the Declaration of Laura Smith, Director of Revenue at Evans, attached to the Motion for Default Judgment, this amount is calculated from the summation of unpaid invoices, plus interest. (Doc. 8-5; *see also* Doc. 11 at 10–11 (detailing method of calculating interest)).

The Court does not take as true the moving party's factual allegations or legal conclusions relating to the amount of damages as set forth in the Complaint, *Comdyne I, Inc.,* 908 F.2d at 1149. However, Plaintiff's request for damages in the amount of $ 653,728.23 is plainly supported by the following exhibits to Doc. 8: (A) executed credit agreement between Evans and Wiz Logtec reflecting that interest accrues at a rate of 1.5%

per month on unpaid invoices[2]; (B) aggregation of approximately 706 individual invoices; and (D) declaration of Laura Smith, Director of Revenue at Evans, declaring under penalty of perjury that Wiz Logtec owes $561,173.75 for services rendered, plus interest. (*See* Docs. 8-2, 8-3, and 8-5). Additionally, Plaintiff's updated table of approximately 706 unpaid invoices, invoice due dates, balances due, and accrued interest as of October 30, 2026, shows a total balance due of $ 561,173.75, as well as accrued interest of $ 92,554.48. (*See* Doc. 11-1).

Accordingly, the Court will grant Plaintiff's motion for default judgment in the amount of $ 653,728.23.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff Evans Delivery Company, Inc.'s "Motion for Default Judgment Pursuant to FRCP 55(b)(2)" (Doc. 8) and enter default judgment in the amount of $ 653,728.23.

Robert D. Mariani
United States District Judge

[2] The credit agreement between the parties does not reflect whether accrued interest is simple or compounding; however, Plaintiff's calculation of interest shows that a simple interest formula was used. (*See* Doc. 11 at 11 (noting "daily simple-interest" calculations). In the absence of express language in the credit agreement awarding compounding interest, and based on Plaintiff's proffered calculations of interest, the Court will assume that simple interest accrues.